IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ANTONIO DUDLEY,<br>Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | Civil No. 7:12-CV-46-O-BL<br><br>Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Antonio Dudley, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254 and 42 U.S.C. § 1983.

The present petition does not concern Dudley's conviction; instead, it concerns an alleged prison disciplinary case. However, Dudley has not identify a specific offense of which he was charged or a disciplinary case number. Instead, he has stated that he was placed in solitary confinement for 30 days without being "officially charged nor officially declared guilty of committing any disciplinary offense." He claims that the punishment was imposed after prison officials caught other inmates, not including himself, smoking marijuana. This is the sum total of the "disciplinary case" claims and punishment. Dudley contends that he is entitled to relief because his due process rights were violated in placing him in the separate housing (as he claims, "solitary confinement") and because he was subjected to cruel and unusual punishment in violation of the Eighth Amendment on the basis of the conditions of his confinement.

There was no disciplinary case from which a finding of "guilty" could be attacked by this habeas petition on the grounds that the proceeding violated due process. However, the Court will analyze his claims to the extent that they might be interpreted as subject to habeas relief.

The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time or the imposition of solitary confinement. *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). The Court held that inmates must be afforded written notice of the claimed violation at least twenty-hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals. *Id.* at 564–66.

The Supreme Court subsequently placed severe limitations on challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court concluded that the federal judiciary had gone too far in extending due process rights as first articulated in *Wolff v. McDonnell*. The Court retreated from its earlier conclusion that due process rights must be accorded to inmates before placing them in solitary confinement. *Sandin*, 515 U.S. at 485. The Court referred to its discussion in *Wolff* regarding solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. The Court concluded that Conner did not have a "protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." *Id.* at 487. Absent atypical punishment, a prisoner does not have a basis for a

federal lawsuit concerning a disciplinary action.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger the protection of the Constitution. *Luken v. Scott*, 71 F.3d 192, 193–94 (5th Cir. 1995) (per curiam), *cert. denied*, 517 U.S. 1196 (1996). The loss of the opportunity to earn good time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection of the Constitution. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The loss of good time will not support relief to the extent that it adversely affects parole eligibility. *Sandin*, 515 U.S. at 487. However, the loss of good time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison*, 104 F.3d at 769.

Here, to the extent Dudley's alleged punishment included being placed in "solitary confinement," his punishment was not significant enough to trigger the protection of the due process requirements of the Constitution. *See Sandin*, 515 U.S. at 483–84; *Luken*, 71 F.3d at 193.

Dudley's remaining Eighth Amendment claim is cognizable in a civil rights action filed under 42 U.S.C. § 1983.

He alleges that the change of his classification status from trustee to solitary confinement constitutes cruel and unusual punishment. "[Dudley's] conclusional assertion that his custodial classification runs afoul of the Eighth Amendment's prohibition of cruel and unusual punishment does not state a constitutional claim because he fails to allege that he was deprived of life's necessities or a basic human need." *Jones v. Roach*, 196 F. App'x 287 at *1 (5th Cir. 2006)

(citations omitted).

For the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus should be DENIED and the civil rights claim should be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the United Stated District Judge order the Clerk of Court to open and close a prisoner civil rights action for statistical purposes.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F. 3d 1415, 1417 (5th Cir. 1996).

Dated: 13 July 2012.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**